[No. 10337.   Department One.   January 24, 1913.]

JOHN W. MILLER *et al.*, *Appellants*, v. JOHN GIPSON *et al.*,
*Respondents.*[1]

Appeal from a judgment of the superior court for Franklin
county, Holcomb, J., entered January 17, 1912, upon findings of the
court and a jury in favor of the defendants, in an action for equit-
able relief.   Affirmed.

*Charles W. Johnson*, for appellants.
*Lovell & Davis*, for respondents.

PER CURIAM.—This case was commenced and prosecuted by the
plaintiffs, by a guardian *ad litem*, to cancel a deed executed by them
in favor of one of the defendants, which they allege was procured
from them by, and in pursuance of, a conspiracy entered into be-
tween the defendants, and by means of persuasion, wrongful advice,
coercion, and wrongful suggestion, plaintiffs at the time being men-
tally incompetent to transact business or to execute such deed.
From a judgment in favor of the defendants denying the relief
prayed for, the plaintiffs have appealed.

While the relief prayed for was purely equitable, the cause was
submitted to a jury by the court, for advisory findings in the form
of answers to special interrogatories upon, (1) the question of ap-
pellants being mentally competent to transact business and execute
the deed involved; (2) the question of conspiracy on the part of
the defendants, and their wrongful advice, coercion, and influence
exercised over appellants, resulting in the execution of the deed;
and (3) the question of the consideration passing to appellants for
the deed.   These questions were all determined by the jury in favor
of respondents.   Thereafter the court made findings in keeping
therewith in favor of respondents.

We find nothing in the contentions of counsel for appellants
here presented worthy of serious consideration, except the questions
of fact, which were determined against them by both the jury and
the trial judge.   A careful reading of the entire evidence convinces
us that the findings of both the jury and the trial judge are well
supported by the evidence.   We would be inclined to take this view
even were the burden of proof upon the respondents.

A review of the evidence in detail here would be of no value
to the profession or the parties to this case.   We conclude that
the judgment must be affirmed.   It is so ordered.

[1] Reported in 128 Pac. 913.